1  FRANK R. UBHAUS, CA STATE BAR NO. 46085
   CHRISTIAN E. PICONE, CA STATE BAR NO. 218275
2  KATHLEEN F. SHERMAN, CA STATE BAR NO. 241200
   BERLINER COHEN
3  TEN ALMADEN BOULEVARD
   ELEVENTH FLOOR
4  SAN JOSE, CALIFORNIA 95113-2233
   TELEPHONE: (408) 286-5800
5  FACSIMILE: (408) 998-5388
   frank.ubhaus@berliner.com
6  christian.picone@berliner.com
   kathy.sherman@berliner.com
7
   ATTORNEYS FOR PLAINTIFF HUNG T. TRAN
8

9                UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11                SAN FRANCISCO DIVISION

12 | UNITED STATES OF AMERICA, | CASE NO.  09-CR-0667-VRW |
13 | Plaintiff, | DEFENDANT HUNG T. TRAN'S UPDATED PROPOSED JURY INSTRUCTIONS |
14 | v. | Date:      November 12, 2009 |
15 | HUNG T. TRAN, | Time:      2:00 p.m.<br>Dept.:     6 |
16 | Defendant. | Judge:     Hon. Vaughn R. Walker, Chief Judge N.D. California |
17 |  | Case Filed: June 30, 2009<br>Trial Date:  December 7, 2009 |

18

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28

1    Pursuant to the court's pretrial scheduling order (Document 12) entered August 14, 2009,

2  Defendant Hung T. Tran requests that the court use the following jury instructions in the above

3  referenced case.  Defendant Tran reserves the right to supplement these instructions as necessary.

4    I.    Ninth Circuit Manuel of Model Jury Instructions:

5        A.  Preliminary Instructions

6            1.1    Duty of Jury

7            1.2    The Charge-Presumption of Innocence

8            1.3    What Is Evidence

9            1.4    What Is Not Evidence

10           1.5    Evidence for Limited Purpose

11           1.6    Direct and Circumstantial Evidence

12           1.7    Ruling on Objections

13           1.8    Credibility of Witnesses

14           1.9    Conduct of the Jury

15           1.10   No Transcript Available to Jury

16           1.11   Taking Notes

17           1.12   Outline of Trial

18       B.  Instructions In the Course of Trial:

19           2.1    Cautionary Instruction-First Recess

20           2.2    Bench Conference and Recesses

21       C.  Instructions at the End of Case:

22           3.0    Cover Sheet

23           3.1    Duties of Jury to Find Facts and Follow Law

24           3.2    Charge Against Defendant Not Evidence-Presumption of Innocence-

25  Burden of Proof

26           3.3    Defendant's Decision Not to Testify

27           3.4    Defendant's Decision to Testify

28           3.5    Reasonable Doubt-Defined

\CEP\805735.2
120609-18136001

1    3.6      What Is Evidence

2    3.7      What Is Not Evidence

3    3.8      Direct and Circumstantial Evidence

4    3.9      Credibility of Witnesses

5    D.  Consideration of Particular Evidence:

6    4.1      Statements by Defendant

7    4.7      Character of Witness for Truthfulness

8    4.9      Testimony of a Witness Involving Special Circumstances (see page 4)

9    E.  Responsibility:

10   5.5      Willfully-Defined (see page 5)

11   5.6      Knowingly-Defined

12   F.  Specific Defense:

13   None

14   G.  Jury Deliberations:

15   7.1      Duty to Deliberate

16   7.2      Consideration of Evidence

17   7.3      Use of Notes

18   7.5      Verdict Form

19   7.6      Communication With Court

20   7.9      Specific Issue Unanimity

21   H.  Offenses Under Title 18

22   8.16     Conspiracy (see page 6)

23   **8.66     False Statement to Government Agency (see page 8)**

24   II.    O'Malley, Grenig, Lee, *Federal Jury and Practice Instructions, Criminal*, (2009 rev.)

25         (6th ed. 2008).

26         14:14 Weaker or Less Satisfactory Evidence (see page 10)

27         14:15 Absence of Witness (see page 11)

28   **III.    Special Instruction: B-1 Visa Requirements (see page 12)**

1  **DEFENDANTS' JURY INSTRUCTION NO.  _____**

2

3  **TESTIMONY OF WITNESSES INVOLVING SPECIAL CIRCUMSTANCES —
IMMUNITY, BENEFITS, ACCOMPLICE, PLEA**

4      You have heard testimony from Amir Khan, a witness who received favored treatment

5  from the government in connection with his federal civil case.

6      For this reason, in evaluating Amir Khan's testimony, you should consider the extent to

7  which or whether Amir Khan's testimony may have been influenced by this factor.  In addition,

8  you should examine Amir Khan's testimony with greater caution than that of other witnesses.

9

10     Authority *Manual of Model Criminal Jury Instructions for the District Courts of the*

11 *Ninth Circuit* (2003 ed.), Instruction 4.9 (modified).

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

\CEP\805735.2
120609-18136001

1  **DEFENDANTS' JURY INSTRUCTION NO. _____**

2                          **WILLFULLY DEFINED**

3

4          Willfulness requires that an act be done knowingly and intentionally, not through

5  ignorance, mistake, or accident.

6

7          Authority *Manual of Model Criminal Jury Instructions for the District Courts of the*

8  *Ninth Circuit* (2003 ed.), Instruction 5.5.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

\CEP\805735.2
120609-18136001

**DEFENDANTS' JURY INSTRUCTION NO.**

**CONSPIRACY — ELEMENTS**

The defendant is charged in Count "1" of the indictment with conspiring to "make a materially false statement in a matter within the jurisdiction of the United States government" in violation of Section 1001 of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on February 25, 2009, and ending on May 7, 2009, there was an agreement between two or more persons to commit at least one crime as charged in the indictment; and

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it and;

Third, one of the members of the conspiracy performed at least one of the following overt acts for the purpose of carrying out the conspiracy, with all of you agreeing on a particular overt act that you find was committed:

1.    In or about March 2009, the defendant traveled from the Northern District of California to Asia for the purpose of meeting with software engineers.

2.    In or about April 2009, the defendant sent $16,000 by wire transfer from the Northern District of California to a business in Vietnam for the purpose of hiring at least two software engineers.

3.    In or about April 2009, the defendant sent the software engineers in Vietnam instructions for applying for B1 visas and instructed that the engineers should say they were entering the United States for training, which was not true.

I shall discuss with you briefly the law relating to each of these elements.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes.  The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

\CEP\805735.2
120609-18136001

1    For a conspiracy to have existed, it is not necessary that the conspirators made a formal

2    agreement or that they agreed on every detail of the conspiracy.  It is not enough, however, that

3    they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped

4    one another.  You must find that there was a plan to commit at least one of the crimes alleged in

5    the indictment as an object of the conspiracy with all of you agreeing as to the particular crime

6    which the conspirators agreed to commit.

7    One becomes a member of a conspiracy by willfully participating in the unlawful plan

8    with the intent to advance or further some object or purpose of the conspiracy, even though the

9    person does not have full knowledge of all the details of the conspiracy.  Furthermore, one who

10   willfully joins an existing conspiracy is as responsible for it as the originators.  On the other

11   hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers

12   some object or purpose of the conspiracy, does not thereby become a conspirator.  Similarly, a

13   person does not become a conspirator merely by associating with one or more persons who are

14   conspirators, nor merely by knowing that a conspiracy exists.

15   An overt act does not itself have to be unlawful.  A lawful act may be an element of a

16   conspiracy if it was done for the purpose of carrying out the conspiracy.  The government is not

17   required to prove that the defendant personally did one of the overt acts.

18

19   Authority *Manual of Model Criminal Jury Instructions for the District Courts of the*

20   *Ninth Circuit* (2003 ed.), Instruction 8.16 (modified).

21

22

23

24

25

26

27

28

1  **DEFENDANTS' JURY INSTRUCTION NO.**

2  **FALSE STATEMENT TO GOVERNMENT AGENCY — ELEMENTS**

3  The defendant is charged in Count One the indictment with conspiring to knowingly and

4  willfully making a false statement to the United States Department of State, an agency of the

5  United States, in violation of Section 1001 of Title 18 of the United States Code. In order for the

6  defendant to be found guilty of making a false statement to the Department of State, the

7  government must prove each of the following elements beyond a reasonable doubt:

8  First, one of the following statements was made to the Department of State and the

9  specified portion was false:

10  1.  On or about April 27, 2009, Hoang Nguyen submitted a Nonimmigrant Visa

11  Application to the American Consulate in Ho Chi Minh City, Vietnam. Box 32 of the

12  Application asked "Do You Intend to Work in The U.S.?" Hoang Nguyen marked the "No" box.

13  The "No" answer was false;

14  2.  On or about April 27, 2009, Thi Ho submitted a Nonimmigrant Visa Application

15  to the American Consulate in Ho Chi Minh City, Vietnam. Box 32 of the Application asked "Do

16  You Intend to Work in The U.S.?" Hoang Nguyen marked the "No" box. The "No" answer was

17  false; or

18  3.  The defendant sent a "Questions & Answers" document to Hoang Nguyen, Thi

19  Hi, and Nghia Nguyen in which he directed them to answer certain questions during their visa

20  interviews. One question was "What will you do in the USA? Will you be working there?" The

21  answer was "I will take a training course. I will not be working." The answer was false;

22  Second, the person making the statement acted willfully, that is deliberately and with

23  knowledge that the statement was untrue; and

24  Third, the statement was material to the United States Department of State's activities or

25  decisions.

26  A statement is material if it had a natural tendency to influence, or was capable of

27  influencing, the agency's decisions or activities.

28

-8-

1    Authority *Manual of Model Criminal Jury Instructions for the District Courts of the*

2  *Ninth Circuit* (2003 ed.), Instruction 8.66 (modified).

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

\CEP\805735.2
120609-18136001

1

**DEFENDANTS' JURY INSTRUCTION NO. _____**

2

3

**WEAKER OR LESS SATISFACTORY EVIDENCE**

4

     If a party offers weaker or less satisfactory evidence when stronger and more satisfactory

5

evidence could have been produced at trial, you may, but are not required to, consider this fact in

6

your deliberations.

7

     You must remember, however, that a defendant is not obliged to produce any evidence or

8

to call any witnesses.

9

     Authority: *United States v. Canas*, 595 F. 2d 73, 80-81 (1st Cir. 1979) and O'Malley,

10

Grenig, Lee, *Federal Jury and Practice Instructions, Criminal*, (2009 rev.)   (6th ed. 2008),

11

Instruction 14:14.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **<u>DEFENDANTS' JURY INSTRUCTION NO. _____</u>**

2                                **ABSENCE OF WITNESS**

3          If it is peculiarly within the power of either the government or the defense to produce a

4    witness who could give relevant testimony on an issue in the case, failure to call that witness

5    may give rise to an inference that this testimony would have been unfavorable to that party. No

6    such conclusion should be drawn by you, however, with regard to a witness who is equally

7    available to both parties or where the testimony of that witness would be merely repetitive or

8    cumulative.

9          The jury must always bear in mind that the law never imposes on a defendant in a

10   criminal case the burden or duty of calling any witnesses or producing any evidence.

11

12         Authority: *Manual of Model Criminal Jury Instructions for the District Courts of the*

13   *Ninth Circuit* (2003 ed.), Instruction 4.16 (Comment) and O'Malley, Grenig, Lee, *Federal Jury*

14   *and Practice Instructions, Criminal*, (2009 rev.) (6th ed. 2008), Instruction 14:15.

15         The court has discretion to give a missing witness instruction. *United States v. Kojayan*,

16   8 F.3d 1315, 1318 n.2 & 1320-21 (9th Cir. 1993).

17

18

19

20

21

22

23

24

25

26

27

28

1    **<u>DEFENDANTS' JURY INSTRUCTION NO. _____</u>**

2                                    **B-1 VISA REQUIREMENTS**

3          A B-1 visa is a temporary business visa. It is not available to one coming for the purpose

4    of performing labor, whether skilled or unskilled.

5

6          Authority: 8 U.S.C. § 1101(a)(15)(B); 8 C.F.R. § 214.1(a)(1)(i); 22 C.F.R. § 41.31(b).

\CEP\805735.2
120609-18136001

1

2

3   DATED:   DECEMBER 6, 2009          BERLINER COHEN

4

5                                      BY:   /S/CHRISTIAN PICONE
                                             CHRISTIAN E. PICONE
6                                            ATTORNEYS FOR PLAINTIFF HUNG T. TRAN

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

\CEP\805735.2
120609-18136001
DEFENDANT HUNG T. TRAN'S UPDATED PROPOSED JURY INSTRUCTIONS